[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op.3 (A).
 {¶ 2} Bringing forth six assignments of error, defendant-appellant Branden Crutcher appeals the judgment of the Hamilton County Juvenile Court adjudicating him delinquent, under the Serious Youthful Offender ("SYO") statute,[1] following a jury trial. The juvenile court determined that Crutcher had committed an offense that would have constituted an aggravated robbery with a gun specification if committed by an adult. The juvenile court, with respect to the aggravated robbery, ordered Crutcher committed to the Ohio Department of Youth Services ("DYS") for an indefinite term ranging from one year until he reached the age of twenty-one and, with respect to the firearm specification, imposed a three-year term. These sentences were to be served consecutively. A SYO sentence was also imposed, but it was stayed pending the successful completion of the traditional juvenile disposition.
 {¶ 3} In his first assignment of error, Crutcher asserts that the juvenile court erred by adjudicating him delinquent in light of prosecutorial misconduct during closing argument. Specifically, Crutcher alleges that the prosecutor improperly commented on his failure to testify at trial, vouched for the credibility of the state's witnesses, misstated evidence, and alluded to matters outside of the record. We are unpersauded.
 {¶ 4} Of all the instances of prosecutorial misconduct alleged, Crutcher's trial counsel only objected to comments that Crutcher has designated as comments on his failure to testify. Thus, to reverse a conviction for prosecutorial misconduct, we must determine, first, whether the prosecutor's remarks were improper and, second, whether a substantial right of the accused was adversely affected.[2]
 {¶ 5} Crutcher first points to the prosecutor's comment that Crutcher "admits he was in the store earlier." After reviewing the record, we do not find this comment improper. First, Crutcher's witness, Bruce Collins, testified that he had accompanied Crutcher to Reems Market earlier that day. The prosecutor, commenting on that testimony, noted that the owner of Reems Market had testified that she had been able to recognize Crutcher as the masked robber from his voice, because he had been a customer earlier.
 {¶ 6} The next comment that Crutcher takes issue with is the prosecutor's speculation that one of Crutcher's associates "made off" with the proceeds of the robbery. We note that an objection by Crutcher's trial counsel was sustained, not because it was an improper comment on Crutcher's failure to testify but because there had been no evidence presented to support the prosecutor's speculation. Thus, that remark was not an improper comment on Crutcher's failure to testify, nor could the jury have reasonably construed it as such.[3] Crutcher further complains that the prosecutor then told the jurors that they were to judge the credibility of the people who had testified. In the context of the entire closing argument, this comment was not an improper reference to Crutcher's failure to testify, but merely a recitation of the judge's instruction that the credibility of the witnesses was within the province of the jury.
 {¶ 7} The prosecutor's comment on whether it was reasonable for Crutcher to return to the scene of the crime could not have been construed as a comment on Crutcher's failure to testify. The prosecutor's comment that Crutcher may have thought that the police were in the area to investigate a taxi-cab incident, and not the robbery, was supported by the testimony of several witnesses. Finally, Crutcher complains that the prosecutor's reference to the alibis that Crutcher provided to the police at the time of his arrest was a comment on his failure to testify. We disagree. The prosecutor was explaining to the jury that Crutcher had not foreseen, when he returned to the vicinity of the market, that the victims would identify him and that his alibi would fail, when none of the bystanders in the area would corroborate his claim that he had been with them at the time of the robbery. Based on the foregoing, we hold that none of the prosecutor's comments identified by Crutcher were comments on his failure to testify, and they were thus not improper.
 {¶ 8} Because Crutcher's trial counsel failed to object to the prosecutor's other remarks during closing argument, we review that alleged misconduct for plain error. Thus, in order to reverse Crutcher's conviction for prosecutorial misconduct, we must be persuaded that Crutcher would not have been adjudicated delinquent but for the alleged misconduct.[4]
 {¶ 9} Crutcher claims that the prosecutor impermissibly vouched for the credibility of the state's witnesses ten different times during closing argument. In general, it is improper for any attorney to express his or her personal belief or opinion concerning the credibility of a witness.[5] However, the prosecutor is free to point out discrepancies in witnessess' testimony. From our review of the record, we cannot say that any of the prosecutor's comments were improper, and even if they were, we do not believe that the remarks, standing alone, rose to the level of plain error so as to require a reversal.
 {¶ 10} In his final complaint under this assignment, Crutcher contends that the prosecutor commented six times during closing argument on matters not supported by the record. After reviewing each statement, we conclude that the prosecutor's remarks were either supported by the record or were made in response to matters raised by the defense in its closing argument. Accordingly, the first assignment of error is overruled.
 {¶ 11} In his second assignment of error, Crutcher asserts that the juvenile court erred by admitting improper testimony and exhibits at trial. We are unpersuaded. Even if it is assumed arguendo that the police officers' testimony was hearsay, our review of the record convinces us that no prejudice was visited upon Crutcher. With respect to the admission of the recording of the victim's 911 telephone conversation, we note that it had been properly authenticated by the victim prior to being admitted. Accordingly, the second assignment of error is overruled.
 {¶ 12} In his third assignment of error, Crutcher contends that he was denied the effective assistance of trial counsel because counsel failed to object to the matters raised in his first and second assignments. In his fourth assignment of error, he maintains that the cumulative effect of all the errors deprived him of a fair trial. We address these assignments together and find them to be without merit.
 {¶ 13} To prevail on a claim of ineffective assistance of counsel, there must be a showing that counsel's performance fell below an objective standard of reasonable representation and, in addition, that prejudice arose from counsel's performance.[6] Here, Crutcher claims that he was prejudiced because his counsel failed to object to the remarks the prosecutor made during closing argument and to the testimony of one of the investigating officers. Because we have held that there was either no improper remark or no prejudice visited upon Crutcher from the prosecutor's remarks, and that the testimony of the officers did not prejudice Crutcher, we hold that, even if counsel's performance was deficient, it did not prejudice Crutcher and deny him a fair trial. Further, the cumulative effect of any errors did not deny Crutcher a fair trial in light of the victim's identification of Crutcher as the robber. Accordingly, the third and fourth assignments of error are overruled.
 {¶ 14} In his fifth assignment of error, Crutcher maintains that the trial court improperly imposed a SYO dispositional sentence because the state's notice of its intent to seek such a sentence was untimely. This assignment is without merit, as the record reveals that the notice was filed well within twenty days after the juvenile court had determined not to transfer Crutcher's case to the Hamilton County Court of Common Pleas.[7] The fifth assignment of error is overruled.
 {¶ 15} In his sixth and final assignment of error, Crutcher states that the jury's verdict was against the manifest weight of the evidence. This assignment is overruled on the authority of Tibbs v. Florida[8]
and State v. DeHass.[9]
 {¶ 16} Therefore, the judgment of the trial court is affirmed.
 {¶ 17} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Sundermann, P.J., Hildebrandt and Gorman, JJ.
[1] See R.C. 2152.11.
[2] State v. Bey (1999), 85 Ohio St.3d 487, 493, 709 N.E.2d 484.
[3] United States v. Robinson (C.A. 6, 1981), 651 F.2d 1188, 1197.
[4] See State v. Slagle (1992), 65 Ohio St.3d 597, 604-605,605 N.E.2d 916.
[5] State v. Rahman (1986), 23 Ohio St.3d 146, 154, 492 N.E.2d 401.
[6] Strickland v. Washington (1984), 466 U.S. 668, 687,104 S.Ct. 2052.
[7] See R.C. 2152.13(A)(4)(b).
[8] Tibbs v. Florida (1982), 457 U.S. 31, 102 S.Ct. 2211.
[9] State v. DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus.